**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| KATE LUCID, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CAUSE NO. |
| | ) |
| DIMENSION HOSPITALITY, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I. NATURE OF THE CASE**

1.    Plaintiff, Kate Lucid ("Lucid"), by counsel, brings this action against Defendant, Dimension Hospitality, LLC, d/b/a Hilton Indianapolis Hotel & Suites ("Defendant"), for violation of Title VII of the Civil Rights Act of 1964 ("Title VII"), as amended, 42 U.S.C. §2000e *et. seq*.

**II. PARTIES**

2.    Lucid is a resident of Marion County, Indiana, who at all relevant times to this action resided within the geographical boundaries of the Southern District of Indiana.

3.    Defendant maintains offices and routinely conducts business within the geographical boundaries of the Southern District of Indiana.

**III. JURISDICTION AND VENUE**

4.    Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343 and 42 U.S.C §2000e-5(f)(3).

5.    Defendant is an "employer," as that term is defined by 42 U.S.C. §2000e(b).

6.    Lucid was an "employee," as that term is defined by 42 U.S.C. §2000e(f).

7.     Lucid satisfied her obligation to exhaust her administrative remedies, having timely filed a Charge of Discrimination (Charge No. 470-2024-02845) with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging discrimination based on her sex. Lucid received the required Notice of Suit Rights and timely files this action.

8.     A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

## IV. FACTUAL ALLEGATIONS

9.     On or about September 1, 2023, Lucid started working for Defendant as a server in their restaurant.

10.    On or about January 31, 2024, Lucid experienced sexual harassment while at Defendant's facility.

11.    Prior to this incident, Lucid socially encountered coworker Andrew Brady Stabler ("Brady") and his roommate. Brady terminated his employment with the Defendant as a Valet Driver in November or December 2023.

12.    On or about January 31, 2024, Brady came into the facility to "say hi." During this time, Defendant's Janitorial employee, Brian Sachs ("Sachs"), informed Lucid that Johnny Etter ("Etter"), Defendant's Security Guard, had made sexually explicit comments about her to other employees. Sachs stated that Etter had said to him -unprompted- he would have sex with Lucid. He further stated to Sachs that he believed Lucid was crazy, among other fabricated stories relating to Lucid's sex life including that she was sexually inexperienced and "super tight" so "it didn't work the first few times."

13. These demoralizing and sexually charged comments made Lucid very uncomfortable, especially because they were completely false and occurring at her workplace and in front of people she was expected to work alongside. Not only were these comments of a sexual nature, but they were exclusively targeted towards Lucid. Etter was making these comments in the aftermath of a consensual romantic encounter Lucid had with Brady.

14. On or about February 1, 2024, Lucid reported the harassment and Etter's comments to the Hotel and Restaurant's General Manger, Joe Melton ("Melton"). Lucid was told by Melton that an investigation would take place and that she would not have to see Etter anymore, as per her request.

15. Lucid was uncomfortable coming into work when she knew Etter was also working.

16. On or about February 8, 2024, Etter came to the restaurant while Lucid was present. Lucid had not received any updates from Melton regarding the investigation, and she reiterated her request to management that Etter not be allowed to come in the restaurant while she was there.

17. On or about February 13, 2024, Melton claimed the investigation was still ongoing. However, Etter continued to enter the restaurant daily from February 13 to February 18.

18. On or about February 20, 2024, Etter returned to the restaurant again. Lucid texted Brad Ryan, Director of Loss Prevention and Etter's manager, to alert him to Etter's presence and to remind him of the promise that he would no longer be allowed inside the restaurant. Melton assured Lucid he would "take care of it."

19. On or about February 22 and 23, 2024, Etter came in again, and on or around

February 27, 2024, Etter entered the restaurant multiple times. He was engaged in activities unrelated to his job, such as getting soda from the serving area and chatting with kitchen staff, all in view of Defendant's managing staff, who did not acknowledge his presence or address the situation despite being aware of Lucid's complaints.

20. On or around March 6, 2024, Lucid spoke with Melton who stated he would reach out within a week to update her. As of March 19, 2024, Lucid had not received any follow-up.

21. Etter came into the restaurant at least 4 more times before March 7, 2024, while Lucid was present, despite Defendant's assurances that he would no longer be allowed to do so.

22. Melton neglected his duties by allowing Lucid to be repeatedly harassed and intimidated by Etter. Defendant failed to take any meaningful steps to resolve the situation.

## V. CAUSES OF ACTION

23. Lucid hereby incorporates paragraphs one (1) through twenty-two (22) of her Complaint as if the same were set forth at length herein.

24. Lucid made multiple complaints of sexual harassment to the Defendant. Defendant failed to take any remedial action.

25. Defendant violated Lucid's rights and discriminated against her based on her sex by subjecting her to a hostile work environment, sexual harassment and failing to remediate claims of sexual harassment.

26. Lucid has suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Kate Lucid, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1.   Permanently enjoin Defendant from engaging in any employment policy or practice that discriminates against an employee based on their sex.

2.   All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

3.   Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4.   Compensatory damages for violations of Title VII;

5.   Punitive damages for Defendant's violations of Title VII;

7.   All costs and attorney's fees incurred as a result of bringing this action;

8.   Pre- and post-judgment interest on all sums recoverable; and

9.   All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:   /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
144 North Delaware Street
Indianapolis, IN 46204
Telephone:   (317) 991-4765
Facsimile:   (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Kate Lucid*

### DEMAND FOR JURY TRIAL

Plaintiff, Kate Lucid, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By:  /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
144 North Delaware Street
Indianapolis, IN 46204
Telephone:    (317) 991-4765
Facsimile:    (812) 424-1005
Email: ad@bdlegal.com

*Attorney for Plaintiff, Kate Lucid*

-6-